UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMILY HUERTAS,

               Plaintiff,

v.                                           Case No:  6:19-cv-915-Orl-41GJK

COMPETITIVE EDGE GROUP, INC.
and FRED R. BOOTHBY,

               Defendants.

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 24)** |
| **FILED:** | **March 13, 2020** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. |

## I.    BACKGROUND.

On May 14, 2019, Plaintiff filed a complaint against Defendants, alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On March 13, 2020, the parties filed a "Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice" ("the Motion"). Doc. No. 24. Attached to the Motion is the parties' FLSA Settlement Agreement (the "Settlement Agreement"). Doc. No. 24-1. On March 23, 2020,

the undersigned expressed concerns regarding the amount of attorney's fees and costs to be paid under the Settlement Agreement in relation to Plaintiff's recovery and directed supplemental briefing on the issue. Doc. No. 25. On March 25, 2020, Plaintiff filed a response addressing those concerns. Doc. No. 26.

## II.    LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

2

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Silva*, 307 F. App'x at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, counsel for the claimant must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and the client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* As the Court interprets *Lynn's Food* and *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). If the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.*

## III.   ANALYSIS.

This case involves disputed issues of FLSA liability and damages, which constitute a bona fide dispute. Doc. No. 24 at 3-4; Doc. No. 24-1 at 1. The parties were represented by independent counsel who were obligated to vigorously represent their clients. Doc. No. 24-1 at 4. The parties agreed to settle Plaintiff's claims asserted in this action for a total sum of $15,000. *Id.* at 1. Of the $15,000, $2,000 is allocated as payment for Plaintiff's claim for overtime wages, an equal amount will be paid to Plaintiff for liquidated damages, and $11,000 will be paid to Plaintiff's counsel for Plaintiff's claim for attorney's fees and costs. *Id.* at 1-2.

Plaintiff alleged that her unliquidated damages are approximately $20,149.50, and her liquidated damages are an equal amount. Doc. No. 14-1 at 3. Since Plaintiff is receiving less than the amount she claimed, Plaintiff has compromised her claim under the FLSA. *See Caseres v.*

5

*Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. Apr. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves a bona fide dispute regarding Plaintiff's FLSA overtime claim. Doc. No. 24 at 3-4; Doc. No. 24-1 at 1. The parties decided to settle their dispute to avoid the risk of litigation. Doc. No. 24 at 1. The parties represent that $4,000 is more than the Department of Labor offered Plaintiff after conducting a comprehensive audit. *Id.* at 4. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

Under the Agreement, Plaintiff's counsel will receive $11,000 in attorney's fees and costs. Doc. No. 24-1 at 2. Plaintiff represents that $14,588.74 in attorney's fees and costs were incurred prior to filing her response to the Order directing supplementation on this issue. Doc. 26 at 5. Plaintiff explains that the issue of whether she was actually employed by Defendants complicated this case. *Id.* at 2. After the possibility of Plaintiff's family members being deposed was raised, Plaintiff decided to settle her claim for $4,000. *Id.* at 3. Plaintiff's counsel then agreed to a 25% reduction in her attorney's fees and costs to achieve settlement. *Id.* at 5-6. Plaintiff filed detailed time records supporting the fees incurred by her counsel. Doc. Nos. 26-2, 26-3, 26-4, 26-5, 26-6. The parties represent that attorney's fees were negotiated separately from Plaintiff's recovery. Doc. No. 24 at 2, 4; Doc. No. 24-1 at 1. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, and upon review of Plaintiff's supplementation, the Settlement Agreement's attorney's fee provision is fair and reasonable.

In the Motion, the parties request that the Court "retain jurisdiction over enforcement of the Settlement Agreement for up to sixty days." Doc. No. 24 at 4. The parties essentially are requesting the Court retain jurisdiction over the case in the event a dispute arises concerning remittance of the payments. Courts in this District, however, routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. *E.g.*, *Correa v. Goldblatt*, No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). In this case, there does not appear to be any specific basis for the Court to retain jurisdiction. Therefore, it is recommended that the Court decline the parties' request that the Court retain jurisdiction.

The Settlement Agreement also contains a provision stating that the parties agree that jurisdiction over this matter shall be in this Court. Doc. No. 24-1 at 3. The parties would need to independently establish the Court's original jurisdiction over any subsequent action to enforce the settlement agreement. A breach of the settlement agreement will not automatically invoke the Court's subject matter jurisdiction and will in all likelihood be a matter for the county or state circuit court. As the Settlement Agreement contains a severability provision,[5] *id.*, it is recommended that this provision be severed.

## IV.    CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 24) as follows:

1.  That the Court **STRIKE** the provision stating that the parties agree that jurisdiction

---

[5] The severability provision states, "In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law." Doc. 24-1 at 3.

over this matter shall be in this Court;

2. That the Motion (Doc. No. 24) be **GRANTED, with the modification set forth above,** to the extent that the Court finds the Settlement Agreement to be a fair and reasonable compromise of Plaintiff's FLSA claim;

3. That the claim against Defendants be **DISMISSED with prejudice**; and

4. That the Motion be otherwise **DENIED**.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, then they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida, on March 26, 2020.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record